CLD-251                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1647
_____

ROY STEVE DAVIS,
Appellant

v.

WARDEN T. R. SNIEZEK

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 08-cv-01119)
District Judge:  Honorable Thomas I. Vanaskie

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 22, 2010

Before:  BARRY, FISHER and GREENAWAY, JR.,  Circuit Judges.

(Filed: August 9, 2010)
_____

OPINION
_____

PER CURIAM.

In 2008, Roy Steve Davis filed a habeas corpus petition under 28 U.S.C. § 2241 in

the District Court for the Middle District of Pennsylvania seeking to challenge his

conviction, imposed in 1990 in the District Court for the Eastern District of Virginia, for

use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1).[1]  Davis

contends that he did not "use" a firearm as term is defined by Bailey v. United States, 516

U.S. 137 (1995), and, therefore, he is actually innocent of the § 924(c) offense.[2]  The

District Court ordered respondent to file an answer to the petition.  Respondent argued

that the petition should be dismissed because Davis cannot show that his remedy under 28

U.S.C. § 2255 is inadequate or ineffective, and thus he cannot pursue relief under § 2241.

The Magistrate Judge agreed, concluding that Davis had ample opportunity to raise his

Bailey claim previously, as he could have raised the claim in a § 2255 motion that he filed

in the sentencing court in 1997.  The District Court adopted that analysis and dismissed

the § 2241 petition.  Davis timely filed this appeal.

We have appellate jurisdiction under 28 U.S.C. § 1291.  Our review is plenary.

See Ruggiano v. Reish, 307 F.3d 121, 126 (3d Cir. 2002).  After a careful review of the

record, we will summarily affirm the District Court's judgment because this appeal

resents no substantial question.  See 3d Cir. LAR 27.4 and IOP Ch. 10.6.

As the Magistrate Judge fully and accurately explained, Davis could have asserted

his challenge to the § 924(c) conviction when he filed his § 2255 motion in the sentencing

---

[1]Davis was housed at a federal prison within the Middle District of Pennsylvania at the time he commenced this proceeding.  He was later transferred to a federal prison in Kentucky.

[2]Davis was also convicted of bank robbery under 18 U.S.C. § 2113(a) and (d). The trial court imposed a sentence of 262 months in prison on the bank robbery conviction plus a consecutive term of sixty months for the § 924(c)(1) conviction.

court in March 1997, which was fifteen months after the Bailey decision was issued. Section 2255 provides the presumptive means through which a federal prisoner must raise a challenge to a conviction. Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Although a prisoner may use § 2241 if § 2255 is shown to be "inadequate or ineffective," Davis has not made this showing. Davis makes no claim that he was unable to raise the legal and factual substance of his Bailey argument in the § 2255 proceeding, and he was not prevented by AEDPA's strict gatekeeping requirements from pursuing the claim at that time. Davis, therefore, is not in the "unusual position" of having "had no earlier opportunity to challenge his conviction" in light of Bailey. In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). As such, his § 2241 petition was properly dismissed.

We will affirm the District Court's judgment.